UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JORGE MIRANDA-RIVAS,<br><br>                Petitioner,<br>     v.<br>HAROLD WICKMAN, *et al.*,<br><br>                Respondents. | Case No. 3:16-cv-00663-MMD-VPC<br><br>ORDER |

Petitioner has filed a second amended petition for writ of habeas corpus. (ECF No. 23.) The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will dismiss two grounds for relief because they lack merit. Respondents must file a response to the remaining grounds.

After a jury trial, the state district court convicted Petitioner of one count each of robbery with the use of a deadly weapon, discharging a firearm within or from a structure, grand larceny of a motor vehicle, and assault with a deadly weapon. (ECF No. 11-3.) Petitioner appealed, and the Nevada Supreme Court affirmed. (ECF No. 11-11.)

Grounds 6 and 7 are claims of ineffective assistance of counsel. In ground 6, Petitioner claims that trial counsel did not move to sever the trial on the charge of grand larceny of a motor vehicle from the trial on the other charges. In ground 7, Petitioner claims that trial counsel did not move for dismissal of the counts of discharging a firearm and assault with a deadly weapon because they were lesser-included offenses of robbery with

///

the use of a deadly weapon and thus violated the Double Jeopardy Clause of the Fifth Amendment.

A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Petitioner cannot demonstrate prejudice for either ground 6 or for ground 7. Ground 10 is a claim that the charge of grand larceny of a motor vehicle was improperly joined to the other charges. This is the claim that underlies ground 6. Ground 11 is a claim that the counts of assault with a deadly weapon and discharging a firearm violate the Double Jeopardy Clause because they are lesser-included offenses of robbery with the use of a deadly weapon. This is the claim that underlies ground 7. Petitioner acknowledges that he raised the claims in grounds 10 and 11 on direct appeal and that the Nevada Supreme Court denied the claims on their merits. (ECF No. 23.) The Nevada Supreme Court did in fact deny those claims on their merits. (ECF No. 11-11 at 4-6.) Petitioner cannot demonstrate a reasonable probability of a different outcome had trial counsel raised these claims, because ultimately he did raise them and the Nevada Supreme Court rejected them. Consequently, the court will dismiss grounds 6 and 7.

Also before the Court are Petitioner's motion for discovery (ECF No. 25), Respondents' opposition (ECF No. 27), and Petitioner's reply (ECF No. 28). The Court agrees with Respondents that this request is premature.[1] The discovery motion is related

///

---

[1] Accordingly, the Court does not address Respondents' other arguments.

2

to grounds 1, 2, and 4. Ground 1 is a claim that the prosecution withheld evidence that individuals charged as co-conspirators with Petitioner received favorable treatment in exchange for their testimonies, and also that the prosecution elicited false testimonies or failed to correct false testimonies about their treatment. Ground 4 is a claim that trial counsel failed to impeach these co-conspirators with evidence of their favorable treatment, and that trial counsel did not ask for documents about the co-conspirators' plea agreements. Ground 2 is a claim that trial counsel failed to move to suppress evidence gained from a warrantless search, because even though Petitioner was on parole at the time, the parole officer was used as a stalking horse for the police to obtain evidence of the crimes charged. Petitioner acknowledges that he never has presented ground 1 to the state courts. Ground 4, to the extent that it incorporates facts from ground 1, might be fundamentally different from the claim that Petitioner presented to the state courts. Ground 2 also might be fundamentally different from the claim that Petitioner presented to the state courts, because, based upon the court orders in his state post-conviction proceedings, Petitioner appeared to argue in state court that counsel should have moved to suppress evidence of the search because it resulted from recorded jail telephone conversations. (*See* ECF No. 11-15 at 7-9; ECF No. 11-20 at 3-4.) Other procedural defenses might also apply to these three grounds. The court anticipates Respondents filing a motion to dismiss. Under these circumstances, the court will not grant the motion for discovery at this time. The court will defer until it determines what grounds survive. Petitioner may renew his discovery motion then, if he feels it is necessary.[2]

It is therefore ordered that Respondents will have forty-five (45) days from the date of entry of this Order to answer or otherwise respond to the amended petition (ECF No.

---

[2]With respect to ground 1, and possibly ground 4, Petitioner argues that if the Court grants discovery now, then he can move for a stay and present the information he gains to the state courts. The court would note that nothing stops petitioner from filing a new post-conviction habeas corpus petition in the state court and trying to obtain the information through discovery in that court. However, it appears that Petitioner already is doing that. Detailed Case Information, Second Judicial District Court, https://www.washoecourts.com/Query/CaseInformation/CR13-0285 (last visited May 4, 2018).

3

23). Respondents must raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained.

It is further ordered that if Respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

It is further ordered that if Respondents file and serve a motion, then Petitioner will have fourteen (14) days from the date of service of the motion to file a response to the motion. Respondents then will have seven (7) days from the date of service of the response to file a reply.

It is further ordered that Petitioner's motion for discovery (ECF No. 25) is denied without prejudice.

DATED THIS 7th day of May 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE