UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JORGE MIRANDA-RIVAS, | Case No. 3:16-cv-00663-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| HAROLD WICKHAM, *et al.*, | |
| Respondents. | |

**I.   SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner Jorge Miranda-Rivas seeks relief from his state judgment of conviction for one count each of robbery with the use of a firearm, discharging a firearm within or from a structure, grand larceny of a motor vehicle, and assault with a deadly weapon. Currently before the Court are the third amended petition (ECF No. 56), Respondents' motion to dismiss (ECF No. 58), Miranda-Rivas' opposition (ECF No. 66), and Respondents' reply (ECF No. 82). The Court finds that grounds 1, 2 and 4 do not relate back to the timely filed first amended petition (ECF No. 10), and the Court dismisses them. The Court finds that Miranda-Rivas has not exhausted his state-court remedies for grounds 10 and 12. Miranda-Rivas will need to decide what to do with those grounds. The Court thus grants the motion to dismiss in part.

**II.   BACKGROUND**

After a jury trial, the state district court convicted Miranda-Rivas of one count each of robbery with the use of a firearm, discharging a firearm within or from a structure, grand larceny of a motor vehicle, and assault with a deadly weapon. (ECF No. 11-3.) Miranda-Rivas appealed, and on October 15, 2014, the Nevada Supreme Court affirmed. (ECF

1    No. 11-11.)

2         On August 25, 2015, Miranda-Rivas filed a proper-person post-conviction habeas

3    corpus petition in the state district court. (ECF No. 11-13.) The state district court denied

4    the petition on January 20, 2016. (ECF No. 11-15.) Miranda-Rivas appealed. On July 26,

5    2016, the Nevada Court of Appeals affirmed. (ECF No. 11-20.) Remittitur issued on

6    August 22, 2016. (ECF No. 11-21.)

7         On or around October 31, 2016, Miranda-Rivas either mailed, or handed to a

8    correctional officer for mailing, his initial habeas corpus petition under 28 U.S.C. § 2254

9    to this Court. (ECF No. 6.)[1] The Court appointed counsel. Miranda-Rivas filed a counseled

10   first amended petition on January 9, 2017. (ECF No. 10.) Miranda-Rivas filed a counseled

11   second amended petition on October 12, 2017. (ECF No. 23.)

12        On February 9, 2018, Miranda-Rivas filed a counseled second post-conviction

13   habeas corpus petition in the state district court. (ECF No. 37-24.) On June 26, 2018, the

14   state district court dismissed the petition. It found that the petition was untimely under

15   NRS § 34.726 and successive under NRS § 34.810. (ECF No. 37-32.) Miranda-Rivas

16   appealed.

17        Meanwhile, in this Court Respondents moved to dismiss the second amended

18   petition because it contained claims that were unexhausted or untimely. (ECF No. 35.)

19   Upon Miranda-Rivas' motion, the Court stayed the action pending the resolution of the

20   appeal of the dismissal of the second state petition. (ECF No. 46.)

21        On July 9, 2019, the Nevada Court of Appeals affirmed the state district court's

22   dismissal of the second state petition. (ECF No. 57-6.)

23        Miranda-Rivas then moved to reopen this action and to file a third amended

24   petition. (ECF Nos. 47, 52.) The Court granted the motions. (ECF No. 51, 55.) Miranda-

25   Rivas filed his third amended petition on January 9, 2020. (ECF No. 56.)

26   _____

27        [1]The Court is uncertain about this date. Miranda-Rivas did state in the petition form
     that he mailed, or handed to a correctional officer for mailing, his petition on October 31,
     2016. (ECF No. 1-1 at 1.) However, the prison official who signed Miranda-Rivas' financial
28   certificate gave a date of November 1, 2016. (ECF No. 1 at 4.) Miranda-Rivas signed the
     petition on November 14, 2016. (ECF No. 1-1 at 49.) However, for the purposes of the
     one-year statute of limitation of 28 U.S.C. § 2244(d), all of these dates were timely.

1   **III.    LEGAL STANDARDS**

2   **A.    Timeliness**

3       Congress has limited the time in which a person can petition for a writ of habeas

4   corpus pursuant to 28 U.S.C. § 2254:

5       A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.
6       The limitation period shall run from the latest of—
                (A) the date on which the judgment became final by the conclusion
7               of direct review or the expiration of the time for seeking such review;
                (B) the date on which the impediment to filing an application created
8               by State action in violation of the Constitution or laws of the United
                States is removed, if the applicant was prevented from filing by such
9               State action;
                (C) the date on which the constitutional right asserted was initially
10              recognized by the Supreme Court, if the right has been newly
                recognized by the Supreme Court and made retroactively applicable
11              to cases on collateral review; or
                (D) the date on which the factual predicate of the claim or claims
12              presented could have been discovered through the exercise of due
                diligence.

13

14  28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the

15  Supreme Court of the United States denies a petition for a writ of certiorari or when the

16  time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-

17  20 (2009). *See also* Sup. Ct. R. 13(1).

18      Any time spent pursuing a properly filed application for state post-conviction review

19  or other collateral review does not count toward this one-year limitation period. 28 U.S.C.

20  § 2244(d)(2). The period of limitation resumes when the post-conviction judgment

21  becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015

22  n.2 (9th Cir. 2005). A state post-conviction petition filed after expiration of the one-year

23  period does not reinitiate the one-year period. *Ferguson v. Palmateer*, 321 F.3d 820, 823

24  (9th Cir. 2003). An untimely state post-conviction petition is not "properly filed" and does

25  not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). A prior

26  federal habeas corpus petition does not toll the period of limitation. *Duncan v. Walker*,

27  533 U.S. 167, 181-82 (2001).

28      The petitioner effectively files a federal petition when he delivers it to prison officials

1   to be forwarded to the Clerk of Court. Rule 3(d), Rules Governing Section 2254 Cases in

2   the United States District Courts.

3          An amended federal habeas corpus petition "does not relate back (and thereby

4   escape [§ 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief

5   supported by facts that differ in both time and type from those the original pleading set

6   forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the

7   original and amended petitions state claims that are tied to a common core of operative

8   facts . . . ." *Id.* at 664.

9          **B.     Exhaustion**

10         Before a federal court may consider a petition for a writ of habeas corpus, the

11   petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To

12   exhaust a ground for relief, a petitioner must fairly present that ground to the state's

13   highest court, describing the operative facts and legal theory, and give that court the

14   opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365

15   (1995) (per curiam); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

16         "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available

17   state remedies only if he characterized the claims he raised in state proceedings

18   specifically as federal claims. In short, the petitioner must have either referenced specific

19   provisions of the federal constitution or statutes or cited to federal case law." *Lyons v.*

20   *Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d

21   904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles

22   will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The

23   mere similarity between a claim of state and federal error is insufficient to establish

24   exhaustion. Moreover, general appeals to broad constitutional principles, such as due

25   process, equal protection, and the right to a fair trial, are insufficient to establish

26   exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

27

28

1    **IV.    DISCUSSION**

2          **A.    Timeliness**

3          The Nevada Supreme Court affirmed the judgment of conviction on October 15,

4    2014. The judgment of conviction became final on January 13, 2015, when the time to

5    petition for a writ of certiorari expired.

6          Miranda-Rivas filed his state post-conviction habeas corpus petition on August 25,

7    2015, 223 days later. The state post-conviction proceedings tolled the one-year period of

8    limitation under 28 U.S.C. § 2244(d)(2). The state post-conviction proceedings concluded

9    with the Nevada Supreme Court's issuance of the remittitur after the appeal on August

10   22, 2016, and the period of limitation resumed the next day.

11         Miranda-Rivas mailed his initial, proper-person federal habeas corpus petition

12   (ECF No. 6) to the Court between October 31, 2016, and November 14, 2016. On the

13   latter day, 306 non-tolled days had passed, and the initial petition was timely.

14         Miranda-Rivas filed his counseled first amended petition (ECF No. 10) on January

15   9, 2017. On that day, 362 non-tolled days had passed, and the first amended petition was

16   timely.

17         Miranda-Rivas' second state post-conviction petition, filed February 9, 2017, did

18   not toll § 2244(d)(1)'s period for two reasons. First, the period already had expired, and

19   nothing remained to be tolled. *Ferguson*, 321 F.3d at 823. Second, the state courts

20   determined that the second petition was untimely, and thus it was not properly filed to

21   qualify for tolling under § 2244(d)(2). *Pace*, 544 U.S. at 417.

22         Miranda-Rivas filed his counseled second amended petition (ECF No. 23) on

23   October 12, 2017. On that day, 638 non-tolled days had passed, and the second

24   amended petition was untimely.

25         Miranda-Rivas filed his operative, counseled third amended petition (ECF No. 56)

26   on January 9, 2020. On that day, 1,457 non-tolled days had passed, and the third

27   amended petition is untimely. The second amended petition cannot provide a basis for

28   relation back because it also is untimely. Consequently, grounds in the third amended

5

1   petition will need to relate back to the timely-filed initial or first amended petitions.

2   Respondents argue that grounds 1, 2, 4, 5, 6, and 12 do not relate back. The Court

3   finds that grounds 1, 2, and 4 do not relate back. The Court finds that grounds 5, 6, and

4   12 relate back.

5   **1.    Ground 1 does not relate back**

6   Ground 1 has two components. First, Miranda-Rivas claims that the prosecution

7   failed to disclose material exculpatory evidence that prosecution witnesses received

8   material benefits in exchange for their testimonies. Second, Miranda-Rivas claims that

9   the prosecution either elicited false testimonies, or failed to correct false testimonies, from

10  the same witnesses about the benefits that they received in exchange for their

11  testimonies.

12  Briefly, Miranda-Rivas was charged with robbing a gas-station convenience store

13  and stealing a Subaru, both in Incline Village and Washoe County, Nevada. Kevin

14  Anguiano, Escar Gonzalez, and Jorge Torres also were charged with their involvement.

15  Each of them testified against Miranda-Rivas at trial. Anguiano testified that he had

16  pleaded guilty to robbery with a firearm and grand larceny. He further testified that he

17  received no promises in exchange for his testimony, that he would need to wait for

18  sentencing to know the outcome, but that he was hoping for a benefit. (ECF No. 36-26 at

19  92-96 (direct examination)); (ECF No. 52-3 at 33-35 (cross examination).) Gonzalez

20  testified that he pleaded guilty without any benefit in exchange for his testimony before

21  he testified in Miranda-Rivas' trial. (ECF No. 52-3 at 64-66.) Torres testified that in

22  exchange for his testimony, he would plead guilty to conspiracy to commit robbery and

23  intimidating a witness. (*Id.* at 112-13.)

24  In ground 1 of the third amended petition, Miranda-Rivas argues that the

25  prosecution did not disclose the true benefits that these witnesses received. Torres did

26  not plead guilty to intimidating a witness; he pleaded guilty only to conspiracy to commit

27  robbery. Miranda-Rivas could not find the records for Anguiano and Gonzalez—they were

28  juveniles at the time, and the courts might have sealed their records—but he believes that

1    they received benefits greater than their testimonies indicated.

2         Miranda-Rivas argues that ground 1 of the third amended petition relates back to

3    grounds 1, 4, 6, and 7 of the first amended petition. Ground 1 of the first amended petition

4    was a claim that trial counsel failed to investigate Anguiano, Gonzalez, and Torres,

5    because their testimonies conflicted with their prior statements to detectives. (ECF No.

6    10 at 12-13, 33-34.) Ground 4 of the first amended petition was a claim that trial counsel

7    failed to impeach the witnesses because "both co-defendants" agreed to plead to lesser

8    charges. (*Id.* at 15-16, 37-38.) Ground 6 of the first amended petition was a claim that trial

9    counsel failed to object to the testimonies of the witnesses because the prosecution

10   elicited the testimony through promises of reduced charges in exchange for their

11   testimonies. (*Id.* at 17-18, 39-40.) Ground 7 of the first amended petition was a claim that

12   trial counsel failed to move for a mistrial on the charge of grand larceny of a motor vehicle

13   because the only evidence for that charge came from the witnesses, who had favorable

14   plea agreements. (*Id.* at 18-19, 40-42.)

15        A reader might notice from the fragmented citations above that the first amended

16   petition is a combination of two documents. Counsel for Miranda-Rivas alleged grounds,

17   but the grounds themselves contained no facts. (*See* ECF No. 10 at 12-23.) Instead,

18   counsel incorporated by reference an earlier document, titled "Attachment to Habeas,"

19   written by Miranda-Rivas *pro se*. (*See* ECF No. 10 at 24-47.) Miranda-Rivas also included

20   this "Attachment to Habeas" in his initial petition. (ECF No. 6 at 25-48.) Miranda-Rivas

21   originally filed this "Attachment to Habeas" with his state post-conviction habeas corpus

22   petition. (ECF No. 11-13 at 16-39.) The "Attachment to Habeas" is identical in all these

23   petitions, except in the numbering of pages. Consequently, the first amended petition is

24   functionally identical to the initial petition, which in turn is functionally identical to the first

25   state post-conviction habeas corpus petition.

26        The Court agrees with Respondents that ground 1 of the third amended petition

27   does not relate back to the first amended petition. The grounds in the first amended

28   petition that Miranda-Rivas proposes for relation back are based upon favorable plea

1   agreements, and ground 1 of the third amended petition is based upon favorable plea

2   agreements. However, the facts underlying the claims are fundamentally different.

3   Ground 4 of the first state petition is factually the closest to ground 1 of the first amended

4   petition. It was a claim that trial counsel failed to impeach Anguiano, Gonzalez, and Torres

5   both with the favorable plea agreements that they received in exchange for their

6   testimonies and with other impeaching facts. Regarding the favorable plea agreements,

7   the state district court noted that Miranda-Rivas had not alleged any specific facts, and it

8   turned to the record. (ECF No. 11-15 at 10.) The state district court reviewed the

9   witnesses' testimonies about their pleas, which this Court has cited above, along with

10   other impeaching questions that trial counsel asked on cross-examination. (ECF No. 11-

11   15 at 10-11.) The state district court concluded that Miranda-Rivas did not show that

12   counsel had performed deficiently. (*Id.*) If Miranda-Rivas knew at the time that Anguiano,

13   Gonzalez, and Torres received even more favorable treatment than they had said, then

14   Miranda-Rivas did not bring those facts to the attention of the state district court. In the

15   first state post-conviction proceedings, all the facts about the plea agreements were the

16   facts to which Anguiano, Gonzalez, and Torres testified, and nothing else.

17       The Court is not stating that the first state petition can be a basis for relation back.

18   Rather, because the first state petition, the initial federal petition, and the first amended

19   federal petition are functionally identical, understanding the operative facts in the first

20   state petition is necessary to understanding the facts in the initial federal petition and the

21   first amended federal petition.

22       Then, in the initial federal petition, Miranda-Rivas included the "Attachment to

23   Habeas" as the main part of his petition. He also attached the state district court's order

24   denying the state post-conviction petition and the order of the Nevada Court of Appeals

25   order affirming that denial. (ECF No. 6 at 59-83.) Anyone reading the initial federal petition

26   would conclude that all the facts about the plea agreements were the facts to which

27   Anguiano, Gonzalez, and Torres testified.

28       Those facts continued onward into the first amended petition, which was

functionally identical to the initial federal petition and the first state petition. Again, the petition included the "Attachment to Habeas" as the main part of the petition. Miranda-Rivas filed more exhibits with his first amended petition. The exhibits relevant to plea agreements were his first state petition (ECF No. 11-13), the state district court's order denying the petition (ECF No. 11-15), his proper-person fast-track statement on appeal (ECF No. 11-18), and the order of the Nevada Court of Appeals affirming the denial. Again, anyone reading the first amended petition and the relevant exhibits would conclude that all the facts about the plea agreements were the facts to which Anguiano, Gonzalez, and Torres testified.

Then, with the second amended petition (ECF No. 23) and later the third amended petition (ECF No. 56), the facts changed. Now, Miranda-Rivas alleges that Anguiano, Gonzalez, and Torres received even more favorable treatment than their testimonies indicated, that they testified falsely, and that the prosecution hid the true details of the plea agreements from the defense, the court, and the jury. These facts are fundamentally different from what Miranda-Rivas alleged in the first amended petition and all preceding petitions. Now, the operative facts have changed from the witnesses' testimonies at trial to secret plea agreements unknown to anyone except the prosecution and the witnesses.

Put another way, these new allegations fundamentally change how courts would decide a failure-to-disclose claim. Hypothetically, if Miranda-Rivas raised a failure-to-disclose claim based only upon the plea agreements as testified by Anguiano, Gonzalez, and Torres, the claim would have been self-disproving. The prosecution did disclose their plea agreements. Reading the trial transcript alone would be enough to conclude that the claim would lack merit. In reality, ground 1 of the third amended petition requires comparisons of the witnesses' testimonies with their own court records. If the Court must turn to three more state-court criminal cases to decide this claim, then the Court cannot conclude that ground 1 of the third amended petition has facts the same in time and type as the facts alleged in the first amended petition.

Ground 1 of the third amended petition does not relate back to the timely filed first

1    amended petition. The Court dismisses this ground.

2                    **2.      Ground 2 does not relate back**

3            In ground 2 of the third amended petition, Miranda-Rivas claims that trial counsel

4    provided ineffective assistance because trial counsel did not file a motion to suppress a

5    bullet found in a GMC Yukon belonging to Miranda-Rivas' mother. Miranda-Rivas further

6    claims that the search of the GMC Yukon violated the Fourth Amendment because,

7    although he was on parole at the time, a parole officer may not conduct or direct a

8    warrantless search when the parole officer operates at the direction of, or in concert with,

9    the police.

10           Miranda-Rivas argues that ground 2 of the third amended petition relates back to

11   ground 2 of the first amended petition. In that ground, in the "Attachment to Habeas,"

12   Miranda-Rivas alleged that counsel should have moved to suppress bullets because they

13   "had no direct link to Petitioner nor where there any physical evidence introduced showing

14   that at some point Petitioner had possession or control of them." (ECF No. 10 at 34-35.)[2]

15           Miranda-Rivas argues that the operative facts are the same, only the legal theory

16   of the Fourth Amendment because of the parole officer being used as a stalking horse is

17   different. The Court disagrees. The operative facts are different. Initially, Miranda-Rivas

18   argued that counsel should have moved to suppress the bullet because it had no

19   connection to him. Now, Miranda-Rivas argues that counsel should have moved to

20   suppress the bullet under the Fourth Amendment because the warrantless search was

21   improper. Even if both claims involved the bullet, the asserted reasons why counsel was

22   ineffective by not filing a motion to suppress, *i.e.*, the operative facts of the claims of

23   ineffective assistance of counsel, are different. Allegations about a warrantless search by

24   a parole officer appear nowhere in the first amended petition or the incorporated initial

25   petition. If Miranda-Rivas could change the reason why counsel provided ineffective

26   assistance, even if both claims involved the same bullet, then it would render the concept

27

28           [2]Ground 2 of the first amended petition also alleged that counsel should have filed
     a motion to suppress recordings of jail telephone calls and a blue jacket, neither of which
     is relevant to ground 2 of the third amended petition.

1    of relation back in *Mayle v. Felix* useless. *Schneider v. McDaniel*, 674 F.3d 1144, 1151-

2    52 (9th Cir. 2012). Ground 2 of the third amended petition does not relate back to the first

3    amended petition. The Court dismisses ground 2.

4                    **3.      Ground 4 does not relate back**

5            Ground 4 is a claim that trial counsel provided ineffective assistance because trial

6    counsel did not impeach Anguiano, Gonzalez, and Torres with the evidence of substantial

7    benefits that they received in exchange for their testimony against Miranda-Rivas.

8    Miranda-Rivas incorporates ground 1 into ground 4. (ECF No. 56 at 22.) He alleges that

9    trial counsel never asked for or produced documentation of Anguiano's plea agreement,

10   that trial counsel never asked Gonzalez about any benefit that he received for his

11   testimony, and that trial counsel never questioned Torres about his guilty plea, which

12   differed from Torres' testimony about the plea. (ECF No. 56 at 23.)

13           As with ground 1, the operative facts have changed. Miranda-Rivas is not alleging

14   in ground 4 that counsel failed to impeach the witnesses with the plea agreements to

15   which they testified at trial. By incorporating ground 1 into ground 4, Miranda-Rivas is

16   alleging that counsel failed to obtain and impeach the witnesses with the plea agreements

17   that the state failed to disclose, as alleged in ground 1. That is a different operative fact

18   from what Miranda-Rivas presented in the first amended petition. Ground 4 of the third

19   amended petition does not relate back to the first amended petition. The Court dismisses

20   ground 4.

21                   **4.      Ground 5 relates back**

22           In ground 5, Miranda-Rivas claims that trial counsel provided ineffective assistance

23   because trial counsel did not move for a mistrial or judgment of acquittal on the charge of

24   grand larceny of a motor vehicle because, under NRS § 175.291, no corroborating

25   evidence independent of the testimony of the accomplices Anguiano, Gonzalez, and

26   Torres existed to convict him. (ECF No. 56 at 24-26.) Miranda-Rivas presented the same

27   claim in ground 7 of the first amended petition. (ECF No. 10 at 18-19, 40-42.)

28           Miranda-Rivas alleges facts in ground 5 of the third amended petition that he did

1   not allege in ground 7 of the first amended petition. However, the Court disagrees with

2   Respondents that these facts are different in time and type from what Miranda-Rivas

3   alleged in the first amended petition. Both claims share the common core of operative

4   fact that no independent evidence corroborated the accomplices' testimonies to find him

5   guilty in accordance with NRS § 175.291. Ground 5 relates back to the first amended

6   petition.

7                   **5.      Ground 6 relates back**

8          Ground 6 of the third amended petition is a claim that trial counsel provided

9   ineffective assistance because trial counsel did not seek to sever the charge of grand

10  larceny of a motor vehicle from the other three charges. (ECF No. 56 at 26-28.) Miranda-

11  Rivas presented the same claim in ground 8 of the first amended petition. (ECF No. 10 at

12  19-20, 42-43.)

13         Miranda-Rivas alleges facts in ground 6 of the third amended petition that he did

14  not allege in ground 8 of the first amended petition. However, the Court disagrees with

15  Respondents that these facts are different in time and type from what Miranda-Rivas

16  alleged in the first amended petition. Both claims share the common core of operative

17  fact that Miranda-Rivas wanted the grand larceny charge severed because it had nothing

18  to do with the other three charges. Ground 6 relates back to the first amended petition.

19                  **6.      Ground 12 relates back in part**

20         Ground 12 of the third amended petition is a claim of cumulative error. (ECF No.

21  56 at 38-39.) Ground 10 of the first amended petition also is a claim of cumulative error.

22  (ECF No. 10 at 21-22, 45.) The difference is that ground 10 of the first amended petition

23  is a claim of cumulative error based upon all the claims of ineffective assistance of counsel

24  in the first amended petition. Ground 12 of the third amended petition is a claim of

25  cumulative error based upon all the claims raised in that petition, which include claims of

26  ineffective assistance of counsel and claims of trial-court error.

27         The Court disagrees with Respondents that ground 12 of the third amended

28  petition does not relate back because it differs from ground 10 of the first amended

1   petition. Each claim of cumulative error incorporates the claims raised in their respective

2   petitions. The question is not whether a claim of cumulative error relates back to an earlier

3   claim of cumulative error, but whether the facts underlying ground 12 of the third amended

4   petition themselves relate back to the first amended petition. The Court has ruled that

5   grounds 1, 2 and 4 of the third amended petition do not relate back. Consequently, they

6   also would not be considered as part of the cumulative-error claim in ground 12 of the

7   third amended petition. The other grounds in the third amended petition do relate back,

8   and they can be considered as part of the cumulative-error claim.

9          **B.**    **Procedural Default**

10         Respondents argue that Miranda-Rivas has procedurally defaulted grounds 1, 2,

11   and 4 of the third amended petition because, in his second state post-conviction

12   proceedings, the state courts determined that the corresponding grounds were untimely

13   under NRS § 34.726 and successive under NRS § 34.810. The Court will not address

14   these arguments because the Court is dismissing grounds 1, 2, and 4 as untimely.

15          **C.**    **Exhaustion**

16         Respondents argue that Miranda-Rivas has not exhausted his state-court

17   remedies for grounds 5, 6, 7, 8, 10, and 12. The Court agrees that Miranda-Rivas has not

18   exhausted grounds 10 and 12. However, Miranda-Rivas has exhausted grounds 5, 6, 7,

19   and 8.

20              **1.**    **Grounds 5, 6, 7, and 8 are exhausted**

21         Respondents' arguments that Miranda-Rivas has not exhausted grounds 5, 6, 7,

22   and 8 are effectively the same—that Miranda-Rivas presented similar claims in his first

23   state post-conviction habeas corpus petition, but he alleges facts now that he did not

24   allege in that state petition. Having reviewed all four grounds, the Court's conclusion is

25   the same as to each. The additional facts alleged in grounds 5, 6, 7, and 8 do not

26   fundamentally alter the claims from what Miranda-Rivas presented to the state courts.

27   Grounds 5, 6, 7, and 8 are exhausted. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

28

1          **2.      Ground 10 is unexhausted**

2              In ground 10, Miranda-Rivas claims a misjoinder of charges, that the charge of

3    grand larceny of a motor vehicle should not have been added to the other three charges.

4    In his supplemental fast-track statement on direct appeal, Miranda-Rivas noted that he

5    had filed no motion to sever the charges, but he argued that the trial court plainly erred

6    by not severing the charges on its own. (ECF No. 11-8 at 7-9.) Miranda-Rivas did not

7    argue in that brief that the failure to sever violated any provision of federal constitutional

8    law.

9              Miranda-Rivas argues now that he cited *Tabish v. State*, 72 P.3d 584, 590-91 (Nev.

10   2003), which cited *Mitchell v. State*, 782 P.2d 1340, 1342 (Nev. 1989), which in turn cited

11   *Robinson v. United States*, 459 F.2d 847, 856 (D.C. Cir. 1972). The Court agrees with

12   Respondents that, notwithstanding *Peterson*, 319 F.3d at 1158, the chain of citations to

13   a decision of a federal court of appeals is too attenuated to bring a federal-law issue to

14   the state court's attention. Additionally, *Robinson* is a federal criminal appeal. The District

15   of Columbia Circuit did not cite any principle of federal constitutional law or any provision

16   of federal statutory law regarding misjoinder that is applicable to the states. The court of

17   appeals was acting in its supervisory capacity. Consequently, *Robinson* does not serve

18   to make a federal-law issue out of ground 10.

19             Respondents also argue that, by incorporating ground 9, Miranda-Rivas added the

20   fact that the evidence was insufficient to support the grand-larceny charge. This additional

21   fact does not fundamentally alter the claim. Indeed, on direct appeal Miranda-Rivas

22   conceded the strength of the evidence in support of armed robbery but argued that the

23   evidence in support of the grand larceny was non-existent, thus leading to prejudicial

24   misjoinder. (ECF No. 11-8 at 9.) Additionally, the Nevada Supreme Court held that there

25   was sufficient independent evidence to corroborate the accomplices' testimony and to

26   support the conviction of grand larceny of a motor vehicle. (ECF No. 11-11 at 5.) The

27   incorporation of ground 9 does not make ground 10 unexhausted.

28             However, the failure to make the misjoinder claim a matter of federal law does

14

1   make ground 10 unexhausted.

2                    **3.      Ground 12 is unexhausted**

3          Ground 12 is a claim of cumulative error. The cumulative-error claim that Miranda-

4   Rivas presented in state court was solely a claim that the cumulative effect of instances

5   of ineffective assistance of counsel warranted relief. (ECF No. 11-13 at 37.) Ground 12,

6   in contrast, adds the claims of trial-court error in the third amended petition to the

7   cumulative-error claim.

8          Miranda-Rivas first argues that cumulative-error claims are exempt from

9   § 2254(b)'s requirement of exhaustion. No such exemption appears in the statute, and

10  Miranda-Rivas cites no court decision to that effect. To the contrary, the Ninth Circuit has

11  affirmed district-court rulings that petitioners must exhaust cumulative-error claims. *See*

12  *Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008); *Solis v. Garcia*, 219 F.3d 922,

13  930 (9th Cir. 2000).

14         Miranda-Rivas also argues that because he exhausted all his other claims, they

15  are properly before this Court and can be part of a cumulative error claim. This argument

16  is similar to the reason why the Court found that ground 12 of the third amended petition

17  relates back to the first amended petition to the extent that the other claims in the third

18  amended petition relate back to the first amended petition. The difference is that relation

19  back looks only to whether claims share a common core of operative fact with claims in

20  an earlier, timely federal petition. Exhaustion requires Miranda-Rivas to give the state

21  courts the opportunity to rule on the merits of a claim—both legal theory and facts—before

22  the federal court may rule on the merits of the claim. By presenting a claim of cumulative

23  error that included only claims of ineffective assistance of counsel to the state courts,

24  Miranda-Rivas did not give the state courts that opportunity. Ground 12 is unexhausted.

25                   **4.      Petitioner will need to decide what to do with the unexhausted**

26                           **grounds**

27         The third amended petition (ECF No. 56) is mixed. Miranda-Rivas has not

28  exhausted his state-court remedies for grounds 10 and 12. The third amended petition

                                              15

1    thus is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v.*

2    *Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

3    **V.      CONCLUSION**

4              It is therefore ordered that Respondents' motion to dismiss (ECF No. 58) is granted

5    in part. Grounds 1, 2, and 4 are dismissed from this action with prejudice because they

6    are untimely. Grounds 10 and 12 are unexhausted.

7              It further is ordered that Petitioner will have 30 days from the date of entry of this

8    order to file a motion for dismissal without prejudice of the entire petition, for dismissal of

9    grounds 10 and 12, or for other appropriate relief. Within 10 days of filing such motion,

10   Petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. §

11   1746 that he has conferred with his counsel in this matter regarding his options, that he

12   has read the motion, and that he has authorized that the relief sought therein be

13   requested. Failure to comply with this order will result in the dismissal of this action.

14             It further is ordered that if Petitioner elects to dismiss grounds 10 and 12 of his

15   third amended petition (ECF No. 56) and proceed on the remaining grounds,

16   Respondents must file and serve an answer, which must comply with Rule 5 of the Rules

17   Governing Section 2254 Cases in the United States District Courts, within 60 days after

18   Petitioner serves his declaration dismissing those grounds. Petitioner will have 30 days

19   from the date on which the answer is served to file and serve a reply.

20             DATED THIS 30th day of September 2020.

21

22

23             _____
               MIRANDA M. DU
               CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28

16